**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on November 16, 2009**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 11-106(PLF)** |
| | : | |
| | : | |
| | : | **VIOLATIONS:** |
| **v.** | : | |
| | : | **18 U.S.C. § 371** |
| | : | **(Conspiracy to Commit Piracy under the** |
| | : | **Law of Nations)** |
| | : | |
| **ALI MOHAMED ALI,** | : | **18 U.S.C. § 1651** |
| also known as Ismail Ali, | : | **(Piracy under the Law of Nations)** |
| also known as Ahmed Ali Adan, | : | |
| | : | **18 U.S.C. § 1659** |
| | : | **(Attack to Plunder Vessel)** |
| | : | |
| **Defendant.** | : | **18 U.S.C. § 1203** |
| | : | **(Hostage Taking)** |
| | : | |
| | : | **18 U.S.C. § 2** |
| | : | **(Aiding and Abetting and Causing an Act** |
| | : | **to be Done)** |
| | : | |
| | : | **28 U.S.C. § 2461(c);** |
| | : | **18 U.S.C. § 981(a)(1)(C)** |
| | : | **(Criminal Forfeiture)** |

**I N D I C T M E N T**

The Grand Jury Charges that:

**COUNT ONE**

1.       On or about November 7, 2008, the *M/V CEC Future*, a Bahamian-flagged vessel

owned by Danish company Clipper Group A/S and carrying cargo belonging to McDermott

International, Inc., a United States corporation with its principal place of business in Houston,

Texas, was in the Gulf of Aden, on the high seas and outside the territorial waters of any

country.      2.      The acts alleged herein occurred on the high seas and elsewhere outside

the jurisdiction of any particular state or district of the United States, but within the

extraterritorial jurisdiction of the United States and, pursuant to Title 18, United States Code,

Section 3238, within the venue of the United States District Court for the District of Columbia

3.      From at least on or about November 7, 2008, until on or about January 27, 2009,

on the high seas and elsewhere outside the United States, the defendant, **ALI MOHAMED ALI**,

also known as Ismail Ali, also known as Ahmed Ali Adan, whose last known residence in the

United States was in the District of Columbia, and others known and unknown, including a joint

offender who was arrested in the District of Columbia, did knowingly and willfully combine,

conspire, confederate and agree together and with each other to commit the crime of piracy as

defined by the law of nations, in violation of Title 18, United States Code, Section 1651.

## Object of the Conspiracy

4.      The purpose and object of the conspiracy was to profit and make money by taking

and holding for ransom the ship, crew and cargo of the M/V *CEC Future*.

## Manners and Means to Accomplish the Object of the Conspiracy

5.      The conspirators, including the defendant, would and did use the following

manners and means, among others, to accomplish the object of the conspiracy:

a) Conspirators armed with AK-47 firearms and a destructive device, that is, a rocket

propelled grenade (RPG), attacked the M/V *CEC Future* while it was sailing in the Gulf of

Aden.

b) Conspirators boarded the M/V *CEC Future* and took command of the M/V *CEC*

*Future*.

2

c)  Conspirators held the crew captive and under control.

d)  Conspirators initiated contact with the owners of the M/V *CEC Future*.

e)  Conspirators negotiated a ransom in exchange for the release of the M/V *CEC Future*.

### Overt Acts

6.      In furtherance of the conspiracy and to accomplish the object of the conspiracy, conspirators including the defendant committed the following overt acts, among others:

a)  On or about November 7, 2008, conspirators approached the M/V *CEC Future* on a small craft armed with AK-47s and an RPG.

b)  On or about November 7, 2008, conspirators fired weapons at the M/V *CEC Future.*

c)  On or about November 7, 2008, conspirators boarded the M/V *CEC Future* armed with AK-47s.

d)  On or about November 7, 2008, conspirators pointed weapons at the crew and forced them to the bridge area of the M/V *CEC Future*.

e)  On or about November 7, 2008, conspirators forced the Captain to sail to locations where other conspirators boarded the M/V *CEC Future*.

f)  Between on or about November 9, 2008, and on or about November 10, 2008, defendant **ALI MOHAMED ALI** boarded the M/V *CEC Future*.

g)  On or about November 10, 2008, defendant **ALI MOHAMED ALI** communicated with the owners of the M/V *CEC Future* to make a ransom demand.

h)  In or about November 2008, defendant **ALI MOHAMED ALI** demanded seven million U.S. dollars for the release of the M/V *CEC Future* and crew.

i)  In or about November 2008, conspirators stole money from the Captain's safe on

3

board the M/V *CEC Future*.

    j)  On or about January 12, 2009, defendant **ALI MOHAMED ALI** demanded a separate ransom payment in the amount of 100,000 U.S. dollars over and above the demand for 1.7 million U.S. dollars as a condition for resolving the piracy.

    k)  On or about January 13, 2009, defendant **ALI MOHAMED ALI** agreed to accept 1.7 million U.S. dollars to release the M/V *CEC Future* and crew.

    l)  On or about January 13, 2009, defendant **ALI MOHAMED ALI** provided a bank account number, name and location of the bank in which to receive a separate ransom payment of 75,000 U.S. dollars.

    m)  On or about January 14, 2009, defendant **ALI MOHAMED ALI** and other conspirators received a package containing 1.7 million U.S. dollars that had been delivered as ransom.

    n)  On or about January 16, 2009, defendant **ALI MOHAMED ALI** and other conspirators released the M/V *CEC Future,* including its crew and cargo, from captivity by departing the ship.

    o)  On or about January 27, 2009,  defendant **ALI MOHAMED ALI** received a wire transfer of 75,000 U.S. dollars that had been delivered as ransom.

    (**Conspiracy to Commit Piracy under the Law of Nations,** in violation of Title 18, United States Code, Section, 371)

## COUNT TWO

1.      Paragraphs 1, 2 and 6 of Count One of this Indictment are realleged and incorporated as if fully set forth herein.

2.      From at least on or about November 7, 2008, until on or about January 27, 2009,

4

on the high seas and elsewhere outside the United States, the defendant, **ALI MOHAMED ALI**, also known as Ismail Ali, also known as Ahmed Ali Adan, whose last known residence in the United States was in the District of Columbia, and others known and unknown, including a joint offender who was arrested in the District of Columbia, committed the crime of piracy as defined by the law of nations, by knowingly and willfully seizing, robbing, and holding for ransom the M/V *CEC Future,* and did aid, abet, counsel, command, induce and cause others to commit the offense against the M/V *CEC Future*, while the ship was navigating in the Gulf of Aden.

(**Piracy under the Law of Nations** and **Aiding and Abetting and Causing an Act to be Done**, in violation of Title 18, United States Code, Sections 1651 and 2)

## COUNT THREE

1.      Paragraphs 1, 2 and 6 of Count One of this Indictment are realleged and incorporated as if fully set forth herein.

2.      From at least on or about November 7, 2008, until on or about January 27, 2009, on the high seas and elsewhere outside the United States, the defendant, **ALI MOHAMED ALI**, also known as Ismail Ali, also known as Ahmed Ali Adan, whose last known residence in the United States was in the District of Columbia, and others known and unknown, including a joint offender who was arrested in the District of Columbia, by surprise and open force, maliciously attacked and set upon a vessel belonging to another, specifically the M/V *CEC Future*, and did aid, abet, counsel, command, induce and cause others to commit the offense against the M/V *CEC Future*, while the ship was navigating in the Gulf of Aden carrying cargo belonging to McDermott International, Inc., a United States corporation, with an intent unlawfully to plunder the same, and to despoil any owner thereof of any moneys, goods, and merchandise laden on board thereof.

5

(**Attack to Plunder Vessel** and **Aiding and Abetting and Causing an Act to be Done,** in violation of Title 18, United States Code, Sections 1659 and 2)

## COUNT FOUR

1.    Paragraphs 1, 2 and 6 of Count One of this Indictment are realleged and incorporated as if fully set forth herein.

2.    From at least on or about November 7, 2008, until on or about January 27, 2009, on the high seas and elsewhere outside the United States, the defendant, **ALI MOHAMED ALI**, also known as Ismail Ali, also known as Ahmed Ali Adan, whose last known residence in the United States was in the District of Columbia, and others known and unknown, including a joint offender who was arrested in the District of Columbia, did knowingly, willfully and unlawfully seize and control by force, violence, and threat of force and violence and did cause the seizure, continued detention and control by force, violence and threat of force and violence the crew of the M/V *CEC Future,* and did aid, abet, counsel, command, induce and cause others to commit the offense against the M/V *CEC Future*, in order to compel a third person, that is, Clipper Group A/S, to do an act, that is, to pay a ransom, consisting of 1.7 million U.S. dollars delivered to the ship and a separate payment of 75,000 U.S. dollars delivered via a wire transfer to a bank account, as an explicit condition for the release of the M/V *CEC Future*, its crew and cargo.

3.    On or about April 20, 2011, the defendant**, ALI MOHAMED ALI**, also known as Ismail Ali, also known as Ahmed Ali Adan, was found in the United States.

(**Hostage Taking** and **Aiding and Abetting and Causing an Act to be Done,** in violation of 18 United States Code, Sections 1203 and 2)

## FORFEITURE ALLEGATION

1.    The violations alleged in Count Four of this Indictment are re-alleged and incorporated

by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

      2.     As a result of the offense alleged in Count Four of this Indictment, defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense alleged in Count Four, including, but not limited to:

<u>Money Judgment</u>:

a sum of money of at least $1,777,000, which represents a sum of money equal to property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the offense alleged in Count Four of this Indictment.

By virtue of the commission of the felony offense charged in Count Four of this Indictment, any and all interest that defendant has in property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

      3.     If, as a result of any act or omission of the defendant, the property identified above:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating by reference Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the said defendant up to the value of said property listed above as being subject to

forfeiture.

     (**Criminal Forfeiture**, in violation of Title 18, United States Code, Section
     981(a)(1)(C) and Title 28, United States Code, Section 2461(c))


A TRUE BILL


FOREPERSON


/s/
Attorney of the United States in
and for the District of Columbia

8