**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **Crim. No. 11-106 (PLF)** |
| | ) | |
| ALI MOHAMED ALI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO STRIKE ALLEGED ALIAS FROM
THE SUPERSEDING INDICTMENT**

Defendant Ali Mohamed Ali, by and through undersigned counsel, respectfully

moves this Court for an order pursuant to Fed. R. Crim. P. 7(d) to strike the alleged alias

"Ahmed Ali Adan" from the caption and body of the superseding indictment.  In support of this

motion, Ali respectfully submits the following memorandum.

BACKGROUND

The superseding indictment in this case is captioned, "United States of America v.

Ali Mohamed Ali, also known as Ismail Ali, also known as Ahmed Ali Adan."  Superseding

Indictment [Dkt. 11], at 1.  The document refers to the defendant in each of its four counts as

"Ali Mohamed Ali, also known as Ismail Ali, also known as Ahmed Ali Adan."  Id. at 2, 5, 6.

However, the indictment does not otherwise reference the alleged aliases or explain their

connection to the facts alleged.

The factual basis for referring to Ali as "also known as Ismail Ali" is

straightforward.  During the negotiations at issue in this case, Ali initially introduced himself to

representatives of Clipper Group as "Ismail Ali."  While Ali eventually used his real name in

written and oral communications with the company,[1] the jury will almost certainly receive at

least some audio recordings, faxes, or transcripts referring to Ali as Ismail Ali.

There is no similar basis for the inclusion of the alleged alias "Ahmed Ali Adan"

in the indictment, however.  Ali has never referred to himself as "Ahmed Ali Adan," nor has

anyone else.  Ahmed Adan is merely a relative of Ali who lives in the United Arab Emirates

(UAE).  According to the affidavit supporting the complaint, Ali provided Adan's name and

bank account information to Clipper Group after the company offered Ali a personal payment of

$75,000 if he would continue the negotiations.  See Affidavit of Special Agent Mary Brandt

Kinder in Support of Criminal Complaint and Arrest Warrant at 4, ¶12 [Dkt. 1-1].  As preserved

in audio recordings, Ali referred to Adan in at least two telephone calls with Per Gullestrup, CEO

of Clipper Group.  The calls refer to Adan in the third-person and include facts incompatible

with Adan being an alias for Ali.

For example, in the first call, Ali instructs Gullestrup to send the funds through

Western Union to the city of Al Ain, UAE.  He then refers to Ahmed in the third-person, stating,

"his first name is A-H-M-E-D…his middle name is like mine, A-L-I…"; "he gonna get me that,

what do you call, tracking number"; and "just tell [Western Union] that you gonna send that

money to that person."  Audio Recording, Call between Ali Mohamed Ali and Per Gullestrup,

January 13, 2009, at 1:14–3:35 (produced as call_00029 13-1-11.03.amr) (no transcript).  Since

Ali was not in Al Ain, UAE on January 13, 2009, he could not have been the intended recipient

of the proposed Western Union transfer.  Moreover, in the second call, Ali tells Gullestrup that

---

[1] Ali was initially ordered to use this pseudonym by the pirates, and he transitioned to his own
name over time when allowed by the pirates.  The professional negotiator for Clipper Group
likewise used a pseudonym, referring to himself simply as "Steven."  However, in contrast with
Ali, Steven never revealed his real name during the negotiations and refused to allow his face to
be videotaped in a documentary on the hijacking produced by Danish public television.

he had originally been given the wrong name for the bank, but that "that guy"—the account

owner—has since corrected him.  Audio Recording, Call between Ali Mohamed Ali and Per

Gullestrup, January 18, 2009, at 6:30 (produced as call_00034 18th – 1st.amr) (no transcript).

Counsel is aware of only three other documents related to this case that reference

Adan.  The first is a collection of records documenting the payment to Adan's account in the

UAE.  Notably, the records themselves distinguish between "Ali" and "Ahmed Ali Adan," and

imply that Adan must be informed that the payment relates to Ali.  See Ex. 1 (compare

"Beneficiary: Ahmed Ali Adan" with "Message to beneficiary: Consultant fee for Ali").  The

second document is an internal spreadsheet produced by Clipper Group of expenses associated

with the hijacking of the *CEC Future*, which lists "Ahmed Ali" for the expense of "Pirate

Communicator – ransom."  Ex. 2 at 1, line 14.  As an accounting of expenses, the spreadsheet

naturally preserves the name of the account holder to whom the wire was sent, and nothing about

the entry suggests that "Ahmed Ali [Adan]" was an alias or that Clipper Group intended to refer

to Ali by this name.[2]  The third document is a press release issued by the Department of Justice

following Ali's arrest.  Ex. 3.  The release repeats the claim that Ali was "also known as Ismail

Ali or Ahmed Ali Adan," id. at 2, and has been reported in news outlets associated with the

United States, the United Kingdom, Denmark, Switzerland, Greece, and Somalia.

LEGAL STANDARD

Fed. R. Crim. P. 7(d) states:  "Upon the defendant's motion, the court may strike

surplusage from the indictment or information."   This rule applies to prejudicial and

unnecessary aliases.  See United States v. Hsia, 24 F. Supp. 2d 14, 25 (D.D.C. 1998) (Friedman,

---

[2] Supporting Ali's reading, the spreadsheet does not refer to Clipper Group's negotiator ("Steven") either, but to the company with whom Clipper Group contracted for negotiation services and to whom it sent the payment ("Custos").  Ex. 2 at 1, lines 10a and 10b.

J.) (employing Rule 7(d) to strike reference to a foreign defendant's given name using "a/k/a"

formula).  As a general rule, "use of aliases in indictments is disfavored, and aliases should only

be retained when 'the Government intends to introduce evidence of an alias and the use of that

alias is necessary to identify the defendant in connection with the acts charged….'" Id. (quoting

United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976)) (internal citations omitted); see also

United States v. Brodie, 326 F. Supp. 2d 83, 90 (D.D.C. 2004) (describing Clark standard as "the

general rule").

## ARGUMENT

The inclusion of the alleged alias "Ahmed Ali Adan" in the superseding

indictment is prejudicial surplusage and should be stricken under Rule 7(d), because neither

prong of the "general rule" regarding aliases will be met.  Brodie, 326 F. Supp. 2d at 90.

References to "Ahmed Ali Adan" could not possibly be necessary to identify Ali, because Ali is

not in fact Ahmed Ali Adan.  Adan is a separate individual unconnected to the hijacking of the

*M/V CEC Future*.  He lives in the UAE, and his only connection to this case is the fact that Ali

provided his bank account information to Clipper Group to facilitate the company's transfer of

the payment the company offered to Ali.  Nor will the government introduce evidence that Ali

used the name "Ahmed Ali Adan" as an alias.  Ali has never referred to himself as "Ahmed Ali

Adan," and nothing counsel has found in the government's discovery suggests that he did.

While some documents in this case refer to Adan, nothing in the documents

reflects an identity between Ali and Adan.  Indeed, the fact that both names appear on the wire

transfer records suggests the opposite conclusion—that Ali and Adan are different individuals,

and that Ali sent a message to Adan regarding the purpose of the funds.  Ex. 1.  Moreover, given

that Ali proposed sending the money via Western Union for immediate pickup in the UAE, and,

later, had to seek correction regarding the name of the bank, there is no rational basis for the government to assert that Adan is an alias for Ali.  The references to "Ahmed Ali Adan" in the caption and body of the superseding indictment are simply factually inaccurate.[3]

The prejudice this inaccurate alias harbors for Ali is immense.  While Ali's use of a pseudonym during the hostage negotiations was short-lived and understandable, adding a second so-called alias to the indictment suggests that Ali has a practice of using false identities outside of the limited and temporary context of these negotiations.  This false suggestion casts a sinister shadow over the indictment that grows with each gratuitous reference.  Particularly prejudicial to Ali is the fact that Adan is the owner of a bank account in the UAE.  In this context, the "also known as" language would practically force the jury—without any independent evidence—to conclude that Ali developed a false identity of such richness that he was able to open a bank account in a foreign country, a feat requiring false photo identification and falsified residency papers.  There is no factual basis for this highly prejudicial implication, and it should not be smuggled into the jury room through captions and surplusage.

CONCLUSION

For the foregoing reasons, Defendant Ali Mohamed Ali respectfully requests that the Court issue an order striking the phrase, "also known as Ahmed Ali Adan" from the caption and body of the superseding indictment.

---

[3] They are also highly injurious to the real Ahmed Ali Adan, who has the misfortune of being identified by the United States government in public filings and widely-distributed press releases as a pirate negotiator and hostage-taker.

August 22, 2011                                    Respectfully submitted,


                                                   /s/  Matthew J. Peed

                                                   Matthew J. Peed (D.C. Bar No. 503328)
                                                   Timothy R. Clinton (D.C. Bar No. 497901)
                                                   CLINTON & PEED PLLC
                                                   1455 Pennylvania Ave. N.W., Suite 400
                                                   Washington, DC 20004
                                                   (202) 618-1628 (tel)
                                                   (202) 204-6320 (fax)