UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



**FILED**

DEC 2 1 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA,  )
           )
           )   Criminal No. 11-0106 (PLF)
     v.      )
           )
ALI MOHAMED ALI,    )
also known as Ismali Ali,   )
also known as Ahmed Ali Adan, )
           )
    Defendant.   )
           )

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Defendant's Renewed Motion For

Pretrial Release. The Court has considered the motion, defendant's memorandum of points and

authorities in support, the government's opposition, the defendant's reply, and the Affidavit of

Matthew J. Peed, filed on December 21, 2011. The Court heard oral argument on December 20,

2011, and, for the reasons announced in open court, concluded under the Bail Reform Act, 18

U.S.C. § 3142 et. Seq., that there are no conditions or combination of conditions that would

reasonably assure the appearance of the defendant as required at trial and at pretrial proceedings

in this case.

    The Court now has considered the defendant's non-statutory argument – that the

further detention of the defendant would violate due process of the law – and the cases cited in

support of that argument. See Memorandum in Support of Defendant's Renewed Motion for

Pretrial Release (Docket No. 72-2) at 38-45. While it may be true that at some point and under some circumstances, the duration of a defendant's pretrial detention becomes unconstitutional, see United States v. Jackson, 823 F.2d 4, 7 (2d Cir. 1987), the Court concludes that that point has not been reached in this case. The Court already has found that the defendant poses a serious flight risk to a country (Somalia) with which the United States has no extradition treaty; that the risk of flight is exacerbated by the fact that the defendant faces a mandatory life sentence if he is convicted; and that there is in this case a rebuttable presumption against release which the defendant has failed to rebut. See Statement in Open Court, Dec. 20, 2011; United States v. Ali, 793 F. Supp. 2d 386 (D.D.C. 2011). While the defendant has been detained for seven (7) months, a firm trial date now has been set – May 21, 2012 – assuring that the defendant will not have been detained in advance of trial for more than twelve (12) months. Given the complexity of the case, the need for the government to obtain evidence from abroad, and the time it took for the defendant to retain counsel and for counsel to obtain a security clearance, the Court concludes that the pretrial detention of the defendant has not been "excessively prolonged" and thus punitive in view of the goals and purposes of the Bail Reform Act. See United States v. Salerno, 481 U.S. 739, 747 n.4 (1987).

For the reasons stated above and those announced in open court on December 20, 2011, the Court finds (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required in this case, and (2) that the defendant's due process rights have not been violated. According, it is hereby

ORDERED that Defendant's Renewed Motion for Pretrial Release [71] is DENIED; and

it is

FURTHER ORDERED that the defendant shall be detained pending trial in this matter.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 12/21/11